IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 4:19cr84 |
| | ) | |
| OBINWANNE OKEKE, | ) | |
| | ) | |
| Defendant. | ) | |

MOTION TO GRANT AN ADDITIONAL ONE-LEVEL REDUCTION
IN THE OFFENSE LEVEL FOR ACCEPTANCE OF RESPONSIBILITY SHOULD
DEFENDANT SATISFY HIS BURDEN FOR TWO-LEVEL REDUCTION

COMES NOW the United States of America, by and through its attorneys, Raj Parekh, Acting United States Attorney for the Eastern District of Virginia and Brian J. Samuels, Assistant United States Attorney, and moves this Honorable Court to grant the defendant, OBINWANNE OKEKE, an additional one-level reduction in the offense level pursuant to U.S.S.G. § 3E1.1(b), should the defendant qualify for the two-level reduction pursuant to U.S.S.G. § 3E1.1(a).  The government states that the defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying the United States of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the court to allocate their resources efficiently.

The burden of establishing an entitlement to a two-level reduction for acceptance of responsibility, of course, resides with the defendant.  U.S.S.G. § 3E1.1.[1]   The government has reviewed the recent pleadings of defense counsel  (ECF Nos. 48, 49) and has some concerns with

---

[1] Section 3E1.1 provides for a decrease of two levels in the offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense[.]"  U.S.S.G. § 3E1.1. According to the commentary in the guidelines, "[a] defendant who enters a plea of guilty is not entitled to an adjustment under this section as a matter of right." U.S.S.G. § 3E1.1, cmt. n.3. Evidence of a guilty plea is evidence of acceptance of responsibility, but it "may be outweighed by conduct of the defendant which is inconsistent with an acceptance of responsibility." *Id.*

the defendant disputing portions of the Presentence Investigation Report (some of which do not affect the calculation of the advisory guideline range) as well the defendant's objection to restitution and forfeiture.  The government will be prepared to address any such factual issues at sentencing, including testimony from its case agent if necessary.

Additionally, as will be articulated and addressed at sentencing, the defendant appears to claim that he is a first time offender and has lived an otherwise law-abiding lifestyle and that a variance sentence is appropriate in this case.  The United States submits that this conviction simply represents the first time that the defendant was apprehended for his crimes.  Beyond the lengthy conspiracy to which the defendant pled guilty, occurring over several years, a review of his email accounts reveals that he has been engaged in fraud for years even prior to the advent of the instant conspiracy, in fact, as early as 2008.  Accordingly, and for the reasons previously stated in his Position on Sentencing, the defendant does not warrant a variance sentence.

With respect to restitution and forfeiture, the defendant appears to claim that he should receive credit for funds that have not been recovered by the victims at the time of sentencing, which is contrary to law.  *See* 18 U.S.C. § 3663A.  For offenses which involve as an element a scheme, conspiracy or pattern of criminal activity, any person harmed by the scheme, conspiracy or pattern is a victim. 18 U.S.C. § 3663A(a)(2); *United States v. Lomas*, 392 Fed.Appx. 122, 128 (4th Cir. 2010) ("Victims are those who are 'directly and proximately harmed as a result of the commission of an offense.'").  The defendant should be held fully responsible for the conspiracy's losses.

Of course, the United States will make every effort to resolve these and any other actual contested issues prior to the sentencing hearing so that its motion for the third level reduction can be applied.  But to the extent that the defendant maintains factual objections to the content in the

PSR "[t]he defendant has an affirmative duty to make a showing that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate." *See United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990) (citing *United States v. Mueller*, 902 F.2d 336, 346 (5th Cir. 1990) (finding that defendant presented no evidence in rebuttal to PSR)); *see also United States v. Love*, 134 F.3d 595, 606 (4th Cir.), *cert. denied*, 524 U.S. 932 (1998); *accord United States v. Mondragon*, 860 F.3d 227, 233 (4th Cir. 2017). Without an affirmative showing that the PSR is inaccurate, the Court is "free to adopt the findings of the [presentence report] without more specific inquiry or explanation." *Terry*, 916 F.2d 162 (quoting *Mueller*, 902 F.2d at 346). The burden is on the defendant to establish inaccuracy or unreliability. *Id.* The government further notes that "falsely denying relevant conduct is inconsistent with acceptance of responsibility." *United States v. Burns*, 781 F.3d 688, 693 (4th Cir. 2015) (internal quotation marks omitted).

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By:      _____/s/_____
            Brian J. Samuels
            Virginia State Bar No. 65898
            Assistant United States Attorneys
            Attorneys for the United States
            United States Attorney's Office
            Fountain Plaza Three, Suite 300
            721 Lakefront Commons
            Newport, VA  23606
            Phone: 757-591-4032
            Email: brian.samuels@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 11th day of February 2021, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic

notification of such filing to the following:

> John O. Iweangoe, II
> Iweanoge Law Center
> 1026 Monroe Street, NE
> Washington, D.C. 20017
> Tel. (202) 347-7026
> Fax: (202) 347-7108

I HEREBY CERTIFY that on this 11th day of February 2021, I sent a true and correct

copy of the foregoing to the following by electronic mail:

> Kalyn Crabb
> U.S. Probation Officer
> 600 Granby Street
> Norfolk, Virginia 23510

> _____**/s/**_____
> Brian J. Samuels
> Virginia State Bar No. 65898
> Assistant United States Attorney
> Attorney for the United States
> United States Attorney's Office
> Fountain Plaza Three, Suite 300
> 721 Lakefront Commons
> Newport News, VA  23606
> Phone: 757-591-4032
> Email: brian.samuels@usdoj.gov