AO 245B (Rev. 12/03)(VAED rev. 2) Sheet 1 - Judgment in a Criminal Case

## UNITED STATES DISTRICT COURT
### Eastern District of Virginia
Newport News Division

FILED

FEB 1 8 2021

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA

v.

OBINWANNE OKEKE,

Defendant.

Case Number:   4:19CR00084-001

USM Number:   93617-083

Defendant's Attorney: John Iweanoge

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1 of the Indictment.

Accordingly, the defendant is adjudged guilty of the following count involving the indicated offense.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T.18, USC, Sections 1349 and 1343 | Conspiracy to Commit Wire Fraud | Felony | 2019 | 1 |

On motion of the United States, the Court has dismissed with prejudice the remaining count in the Indictment as to defendant OBINWANNE OKEKE.

As pronounced on February 16, 2021, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Given this 17th day of February, 2021.

/s/

Rebecca Beach Smith
**Senior United States District Judge**

Rebecca Beach Smith
Senior United States District Judge

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case                                    Page 2 of 7
      Sheet 2 - Imprisonment

---

**Case Number:**      **4:19CR00084-001**
**Defendant's Name:**      **OKEKE, OBINWANNE**

# IMPRISONMENT

    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE HUNDRED TWENTY (120) MONTHS.

    The Court makes the following recommendations to the Bureau of Prisons:

1) The court recommends that the defendant be incarcerated in the facility at the Federal Medical Center at Butner, North Carolina, or, a similar medical facility.

2) The defendant shall undergo a full mental health evaluation and receive all appropriate mental health treatment and counseling, in particular for his fraud mentality.

3) The defendant shall receive a full medical evaluation and shall receive all appropriate medical treatment for any conditions he may have.

4) The defendant shall undergo a substance abuse evaluation and receive all appropriate substance abuse treatment and counseling.

    The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to_____
at_____, with a certified copy of this Judgment.


                                     _____
                                     UNITED STATES MARSHAL

By                  _____
                                     DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case                                                     Page 3 of 7
　　　Sheet 3 – Supervised Release

---

Case Number:　　　　4:19CR00084-001
Defendant's Name:　　OKEKE, OBINWANNE

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

# STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case                                                                    Page 4 of 7
    Sheet 3A – Supervised Release

---

**Case Number:**          4:19CR00084-001
**Defendant's Name:**     OKEKE, OBINWANNE

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) As a condition of supervised release, upon completion of the term of imprisonment, the defendant is to be surrendered to a duly-authorized immigration official of the Department of Homeland Security Bureau of Immigration and Customs Enforcement for deportation review in accordance with established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. Section 1101, et seq.

2) As a further condition of supervised release, if ordered deported, the defendant shall remain outside of the United States.

3) If, at any time, the defendant illegally reenters the United States during the term of supervised release, his illegal reentry may subject him to a violation of supervised release, as well as a violation of law.

4) If not deported, the defendant shall pay for the support of his minor child in the amount ordered by any social service agency or court of competent jurisdiction, and shall register with the Department of Child Support Enforcement in any state in which he resides.

5) If not deported, the defendant is prohibited from engaging in any employment where he has access to money or bank accounts and shall not be employed in any capacity involving investments.

6) If not deported, the defendant shall not engage in spamming, phishing, or email bombing.

7) If not deported, the defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, or in a lesser amount to be determined by the Court upon the recommendation of the probation officer.

8) If not deported, the defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

9) If not deported, the defendant shall provide the probation officer access to any requested financial information.

10) If not deported, the defendant shall participate in the Treasury Offset Program (TOP) as directed by the probation officer.

11) If not deported, the defendant shall continue to participate in a substance treatment program at the direction and discretion of the probation officer. The defendant shall bear the cost of this program.

12) If not deported, the defendant will be subjected to random urinalysis testing while on supervised release. If at any time, the defendant tests positive for the use of any controlled substance or abuse of alcohol, he shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with the cost to be paid by the defendant, as directed by the probation officer.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3A – Supervised Release

Page 5 of 7

Case Number:        4:19CR00084-001
Defendant's Name:   OKEKE, OBINWANNE

# SPECIAL CONDITIONS OF SUPERVISION

13) If not deported, the defendant shall waive all rights of confidentiality regarding substance abuse treatment in order to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

14) The court does not deny federal benefits because the denial is not applicable.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
    Sheet 5 – Criminal Monetary Penalties
                                                                                     Page 6 of 7

| Case Number: | 4:19CR00084-001 |
| Defendant's Name: | OKEKE, OBINWANNE |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $10,679,166.54 |
| **TOTALS:** | **$100.00** | **$0.00** | **$10,679,166.54** |

## FINES

No fines have been imposed in this case.

## COSTS

The Court waives the cost of prosecution, incarceration, and supervised release, except to the extent the defendant will have to bear costs as outlined in the Special Conditions of Supervision.

## FORFEITURE

The court entered a Consent Order of Forfeiture on February 16, 2021, which is made a part hereof, thereby becoming a money judgment in the amount of $10,679,166.54, to the extent all applicable notice and legal requirements set forth in the Consent Order of Forfeiture are met.

## RESTITUTION

See attached Restitution Order entered and filed on February 16, 2021.



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA )
 )
 v. ) Criminal No. 4:19CR084
 )
OBINWANNE OKEKE, )
 )
 *Defendant.* )
 )
_____ )

## RESTITUTION ORDER

1. Pursuant to 18 U.S.C § 3663A(a)(1), the defendant is ordered to pay restitution in the total amount of **$10,679,166.54** jointly and severally with any other defendants who are ordered to pay restitution for the same losses.

2. The amount of restitution paid to any victim, collectively, shall not exceed the victim's total loss from the offenses of conviction.

3. The victims' names, addresses, and respective total loss amounts are listed in Attachment A to this Restitution Order.

4. Interest:



 _____ is waived.

 ✓ accrues as provided in 18 U.S.C § 3612(f).

5. Notwithstanding any other provision of this Restitution Order or the sentence imposed, including the directive to make periodic payments, restitution is due in full and payable immediately from assets known and unknown and including assets identified in the Presentence Report. The Government may enforce restitution at any time.

6. If incarcerated, the Court encourages the defendant to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, to comply with the provisions of the financial plan, and to meet the defendant's financial obligation, pursuant to 28 C.F.R. § 545.10-11.

7.    If restitution is not paid in full immediately, the defendant shall pay to the Clerk at least $ 1000.00 per month or 25 percent of net income, whichever is greater, beginning 60 days after release from any period of confinement, or 60 days after sentencing if no confinement is imposed.

8.    All payments shall be made to the Clerk of Court, United States District Court, 2400 West Avenue, Newport News, Virginia 23607.

9.    Within 30 days of (a) any change of name, residence, or mailing address; and/or (b) any material change in economic circumstances that affects the ability to pay restitution, the defendant shall notify the Clerk of Court and the United States Attorney's Office, Financial Litigation Unit, 8000 World Trade Center, Norfolk, Virginia 23510.

10.    No delinquent or default penalties will be imposed except upon Order of the Court.

11.    The Clerk of Court shall distribute the funds to Unatrac first and to the remaining victims on a pro rata basis.  The Clerk may withhold distribution of any restitution amounts until the sum available for restitution to each victim is at least $25.00.

/s/
_____
Rebecca Beach Smith
**Senior United States District Judge**

_____
Honorable Rebecca Beach Smith
Senior United States District Judge

ENTERED this 16th day of February 2021.
at Norfolk, Virginia

WE ASK FOR THIS:

Raj Parekh
Acting United States Attorney

_____
Brian J. Samuels
Matthew P. Mattis
Assistant United States Attorney's
United States Attorney's Office
721 Lakefront Commons, Suite 300
Newport News, Virginia 23606
Telephone (757) 591-4000
brian.samuels@usdoj.gov
matthew.mattis2@usdoj.gov

SEEN AND AGREED:

_____
Obinwanne Okeke
Defendant

_____
John O. Iweanoge
Counsel for Defendant
1026 Monroe St NE
Washington, DC 20017-1760
Telephone (202) 347-7026
joi@iweanogesfirm.com

2

## ATTACHMENT A TO RESTITUTION ORDER

| Victim: | Loss Amount: |
|---|---|
| Unatrac Holdings LLC<br>1875 Pennsylvania Avenue NW<br>Washington, DC 20006 | $5,429,166.54 |
| Orient Insurance PJSC<br>Policy No. P/01/5024/2017/3 | $5,000,000.00 |
| QBE European Operations<br>Policy No. 015150/01/2017/0087 | $250,000.00 |
| Total Amount due from defendant: | $10,679,166.54 |

3

FILED
IN OPEN COURT

FEB 1 6 2021

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 4:19-cr-84 |
| | ) | |
| OBINWANNE OKEKE, | ) | |
| | ) | |
| Defendant. | ) | |

### CONSENT ORDER OF FORFEITURE

BASED UPON the defendant's plea agreement with the United States, and FINDING that

the requisite nexus exists between the property listed below, in which the defendant has an interest,

and the offense(s) to which the defendant has pled guilty, IT IS HEREBY ORDERED pursuant to

Federal Rule of Criminal Procedure 32.2 that:

1.      The following property is forfeited to the United States pursuant to 18 U.S.C. §

981(a)(1)(C) and 28 U.S.C. § 2461(c):

        a)     **A sum of money in the amount of $10,679,166.54 which
represents the proceeds of the offense obtained by the
defendant and which sum shall constitute a monetary
judgment against the defendant in favor of the United
States. This is a sum for which the defendant shall be solely
liable. This sum shall be offset to the extent of the
government's net at final forfeiture and liquidation from the
assets set forth in paragraphs 1(b) and 2 below.**

        b)     **18kt white gold emerald cut engagement ring with small
accent diamonds and containing GIA number 2287567161.
This ring was seized from the defendant at the time of his
arrest.**

2.      In light of the defendant's agreement and the Court's findings in paragraph 4

below, the following property is forfeited to the United States as a substitute asset pursuant to 21

U.S.C. § 853(p):

c) Approximately 280,555,010 Nigerian Naira (approximately $700,000 U.S.) seized from the defendant by the Nigerian authorities in light of his arrest on the charges in this case.

d) Proceeds from the sale of the defendant's 2018 Toyota Camry and 2017 Toyota Hilux. The defendant agrees to sell these two vehicles, located in Nigeria, and send the proceeds to the U.S. Marshals Service. The defendant shall remit these proceeds to the U.S. Marshals Service within six months of the date of this order unless the defendant obtains an extension by written agreement with the government.

3. The United States shall seize all forfeited property and shall take full and exclusive custody and control of same.

4. With respect to the monetary judgment described in paragraph (1)(a) above, the United States may collect this monetary judgment by all lawfully available means, including but not limited to forfeiture of direct proceeds and substitute assets. Insofar as the United States seeks forfeiture of substitute assets, the defendant agrees and the Court finds that one or more of the criteria set forth in 21 U.S.C. §853(p)(1) are present here and the United States may therefore seek forfeiture of substitute assets pursuant to § 853(p).

5. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this order in accordance with Federal Rule of Criminal Procedure 32.2(b)(6).

6. Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of their alleged interest in the property.

7. Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2), and the

2

United States shall have clear title to the property, and shall dispose of the property in accordance with law.

8.     The parties stipulate and agree that the aforementioned asset represents property described in 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as well as 21 U.S.C. § 853(p) and, as such, are subject to forfeiture thereunder. The defendant hereby waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment, and consents to the entry of this order.

9.     Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States is hereby authorized to conduct any appropriate discovery for the purpose of identifying, locating, or disposing of property subject to forfeiture.

Dated this _16th_ day of _February_ 2021.

_/s/_

Rebecca Beach Smith
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

3

I ask for this:
Raj Parekh
Acting United States Attorney


By: _____

Brian James Samuels
Assistant United States Attorney
Attorney for the United States
721 Lakefront Commons, Suite 300
Newport News, VA 23606
Office Number: (757) 591-4000
Facsimile Number: (757) 591-0866
Email Address: brian.samuels@usdoj.gov


Seen and Agreed
Obinwanne Okeke
Defendant


By: _____          By: _____
Obinwanne Okeke                               John Obiora Iweanoge
                                              Counsel for Defendant
                                              The Iweanoges Firm PC
                                              1026 Monroe Street, NE
                                              Washington, DC 20017-1760
                                              Office Number: (202) 347-7026
                                              Email Address: joi@iweanogesfirm.com

4

Case Number:       **4:19CR00084-001**
Defendant's Name:  **OKEKE, OBINWANNE**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

The special assessment and restitution shall be due in full immediately.

The defendant shall pay to the Clerk at least $1,000.00 per month or 25% of net income, whichever is greater, beginning sixty (60) days from the inception of supervised release toward any restitution remaining unpaid. The court reserves the option to alter this amount, depending upon defendant's financial circumstances at the time of supervised release and depending upon how much restitution has been paid.

Interest accrues as provided in 18 U.S.C. § 3612(f).

The defendant is jointly and severally liable for restitution with the following any other defendants who are ordered to pay restitution for the same losses.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.